IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARVIN BROWN,

        Plaintiff,

v.                                      CIV 02-32 JP/KBM

NEW MEXICO DEPARTMENT
OF CORRECTIONS,

        Defendant

## SUPPLEMENTAL PROPOSED FINDINGS & RECOMMENDED DISPOSITION

The parties are familiar with the background, so I incorporate by reference my prior proposed findings. *Doc. 39.* This matter is before the Court after supplemental briefing as ordered. *See Docs. 44, 47.* Plaintiff's assertion that the Supplemental *Martinez* Report was untimely is not well-taken. Defendants timely filed a motion for an extension, which I granted after allowing Plaintiff ample opportunity to respond, because the reasons for the delay in my opinion constituted good cause. *See Docs. 39, 41, 44.* Furthermore, Plaintiff filed a surreply without permission in violation of D.N.M.LR-CIV. 7.6(c) ("[t]he filing of a surreply requires leave of the Court"), but I nonetheless have considered that pleading in arriving at this recommendation.

The sole remaining claim is for injunctive relief only. Plaintiff was housed in administrative segregation at Penitentiary of New Mexico "South" when he filed this lawsuit because at that time he was classified as a "Level V" inmate. He claims that while housed there, prison officials violated the First Amendment and Equal Protection because they did not permit

Muslim inmates in administrative segregation in PNM South to engage in congregate Jumu'ah

religious services parallel with similar congregate activities afforded to Native American inmates.

On December 4, 2002, Plaintiff was transferred to the Southern New Mexico Correctional

Facility and there he is classified at a less restrictive level – "Level IV."  In contrast to the

restrictions he faced in PNM South (no congregate services), now at the new prison the

applicable "Table of Services" regulation provides that for non-Native American "[g]roup

religious services may be approved by the Warden."  These new regulations are not a model of

clarity, but do appear to still maintain a distinction between Native American and non-Native

American inmates.  As I read the regulations, Native American inmates are entitled to congregate

sweat lodge activities once a month for six hours, and the only limitation is that the Warden may

decide to restrict the maximum number of inmates who can participate at one time.  *See Doc. 41,*

Exh. 27 (Table of Services).

Potentially, then, Plaintiff may have a similar objection to the present regulations that

govern his incarceration.  In fact, he filed a "grievance" on March 28, 2003 on behalf of himself

"and other Muslim inmates" requesting Southern New Mexico Correctional Facility to

"accommodate the Muslim inmates in providing Jumuah Prayers on Fridays . . . like the Facility

provide[s] congregational religious services to the Native American inmates."  *Doc. 43,* Exh. 28

(attached grievance dated 3/28/03).  The prison officials did not consider the grievance on its

merits.[1]  Rather, Defendant asserts it was "returned" to Plaintiff because he filed the grievance on

---

[1] Prison officials forwarded copies of the grievance and their response to counsel for Defendant on April 9, 2003 and April 16, 2003, respectively, undoubtedly because of this pending suit.  *See Doc. 43,* Exhs. 28, 29.  Before the date of these memoranda, but shortly after Plaintiff filed his grievance, counsel received a memorandum from Father Richard Russo, in the PNM Chaplain's Office.  On March 31, 2003, Father Russo talked with Amin Abdullah, the iman advisor to Plaintiff while he was housed at PNM and

behalf of other inmates.  *Id.,* Exh. 29.

For slightly different reasons, I agree with Defendant that Plaintiff's claim is both moot due to his transfer and premature (in the event Plaintiff is attempting to carry over his remaining claim to the new facility).  Transfer to another facility moots a prisoner's claim that seeks injunctive relief and this court loses subject matter jurisdiction over the claim.  *E.g., McAlpine v. Thompson,* 187 F.3d 1213, 1216 (10th Cir. 1999).  The exception, as Plaintiff recognizes, is where the controversy is capable of repetition.  That is, where a Plaintiff "can demonstrate a good chance of being likewise injured . . . in the future."  *Id.* (internal quotations and citation omitted).  Plaintiff contends that he may be sent back to PNM South and encounter the same regulations.  *See Doc. 45, ¶ 9; Doc. 47, ¶ 10.*

However, a hypothetical or speculative assertion is not sufficient to invoke the exception.  *See McAlpine,* 187 F.3d at 1217; *see also e.g., Nasious v. Ray,* 3 Fed.Appx. 745, 747 (10th Cir. 2001) ("Mr. Nasious is now incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado, and had been transferred there before the district court dismissed his claim for injunctive relief. Because Mr. Nasious has not alleged facts indicating that he may be transferred back to the Bent County facility, his claim for prospective injunctive relief regarding Bent County's mail policy is now moot.").  And, given Plaintiff's demonstrated ability to move to lower and lower security levels after filing this suit, the Court doubts and sincerely hopes that a return to the highest security classification will not occur.  As such, I find that the remaining claim is moot and this action should be dismissed.

---

who indicated that group prayer "is not absolutely necessary" and that Muslims "can pray individually." *Doc. 43,* Exh. 30.

Although Plaintiff attempted to raise the issue of congregate Jumu'ah services at the new facility by means of a grievance, there is no ripe controversy for this Court to review. First, Plaintiff again filed a grievance on behalf of others, which is not permitted and was never processed. As I read Defendant's submissions, Plaintiff needs to first make a request to the Warden of the Southern New Mexico Correctional Facility through "SNMCF staff" that he (Plaintiff) be provided congregate Jumu'ah services under the applicable regulation. If the request is denied, then the prison grievance procedure and the means to exhaust the grievance come into play. Although Defendant's Supplemental *Martinez* Report notes that imam Amin Abdullah takes the position congregate prayer is not absolutely necessary and notes that there may not be other Muslim inmates interested in the activity, the report does not state or seem to suggest that a proper request by Plaintiff will not be entertained. If the Court has misunderstood Defendant's position, I ask that counsel for Defendant clarify in objections to this recommendation.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** this action be dismissed.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE